# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH COUSIN, *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>　　　　　　　　　　　　Defendant. | Case Nos.: 22-cv-2040-MMA (DDL)<br>　　　　　　　23-cv-33-MMA (DDL)<br><br>**ORDER GRANTING JOINT MOTIONS AND CONSOLIDATING CASES** |
| LINDA CAMUS, et al., *on behalf of themselves and all others similarly situated*,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>　　　　　　　　　　　　Defendant. | |

On December 22, 2022, Defendant Sharp HealthCare ("Sharp") removed the putative class action filed by Plaintiff Hannah Cousin from the San Diego County Superior Court. *See* Case No. 22-cv-2040-MMA (DDL). On January 6, 2023, Sharp removed another putative class action, filed by Plaintiffs Linda Camus and DeAnna

Franklin-Pittman, to this Court. *See* Case No. 23-cv-33-MMA (DDL). All parties now jointly move to consolidate the two cases.

     Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions." Fed. R. Civ. P. 42(a). Rule 42 seeks to provide the Court with "broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971). A motion for consolidation can be raised by a party or the Court *sua sponte*. *See In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987). In determining whether to consolidate cases, the Court should weigh "the saving of time and effort consolidation would produce" against "any inconvenience, delay, or expense that it would cause." *Thomas Inv. Partners, Ltd. v. U.S.*, 444 F. App'x 190, 193 (9th Cir. 2011) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

     Both actions against Sharp include overlapping claims and nearly identical factual allegations. Namely, as the parties explain:

> Plaintiffs in the Related Actions allege, among other things, they used Sharp's website to transmit confidential and sensitive personal health information ("PHI") and personally identifiable information ("PII"). Plaintiffs in the Related Actions also allege that the Meta Pixel was deployed on Sharp's website. In addition, Plaintiffs in each of the Related Actions allege that their PHI and PII was intercepted and transmitted to Meta without their consent.

Doc. Nos. 10 at 3, 8 at 3 (internal citations omitted). Additionally, both actions seek to represent overlapping classes and involve claims for breach of fiduciary duty, invasion of privacy under California's Constitution, Art. 1 § 1, violations of the California Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.*, and violations of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630 *et seq.* The Court therefore agrees that consolidating these two actions will save time and effort and thus

preserve judicial resources and avoid inconsistent rulings, while creating little, if any, potential for delay, confusion, or prejudice.

Consequently, the Court **GRANTS** the parties' joint motions, Case No. 22-cv-2040-MMA (DDL), ECF 10 and Case No. 23-cv-33-MMA (DDL), ECF 8, and **ORDERS** as follows:

1. The related cases of *Hannah Cousin, individually and on behalf of all others similarly situated v. Sharp HealthCare*, Case No. 3:22-cv-02040-MMA-DDL and *Linda Camus and DeAnna Franklin-Pittman v. Sharp Healthcare, on behalf of themselves and all others similarly situated*, Case No. 3:23-cv-00033-MMA-DDL are hereby consolidated for all purposes.  The Clerk of Court shall promptly take all reasonable and necessary action to consolidate the cases.

2. All further proceedings in the consolidated action shall be filed and docketed under Case No. 22-cv-2040-MMA (DDL).

3. All pending deadlines are hereby **VACATED**.

4. Plaintiffs must file a Consolidated Complaint on or before **March 3, 2023**.

5. Sharp must then respond to the Consolidated Complaint on or before **April 3, 2023**.

6. Should Sharp file a motion, Plaintiffs must file their opposition on or before **May 3, 2023**.  Sharp may then file its reply, if any, no later than **May 24, 2023**.

**IT IS SO ORDERED**.

Dated:  January 31, 2023

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge